United States District Court
Southern District of Texas

**ENTERED**

November 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Maria Pelayo, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-19-1747 |
| | § | |
| 24 Hour Fitness USA, Inc., et al., | § | |
| Defendants. | § | |

## Amended Memorandum and Recommendation

The memorandum and recommendation filed on September 26, 2019, (D.E. 19) is withdrawn and replaced with this amended memorandum and recommendation. Pending before the court is 24 Hour Fitness's motion to dismiss (D.E. 13) and Pelayo's amended motion for leave to amend. (D.E. 16.) The court recommends that 24 Hour Fitness's motion to dismiss be granted and that Pelayo's motion for leave to amend be denied.

### 1. Background and Procedural Posture[1]

In September 2018, Maria Pelayo was taking a shower in the women's locker room at 24 Hour Fitness when she noticed a man recording her on a cell phone. She screamed and he ran out of the locker room. Pelayo believed that 24 Hour Fitness's facilities had indoor cameras, so she asked to review the surveillance tapes to identify the man she saw. The manager, Jason Smart, informed her that no recording was available because the cameras were not working. Pelayo contacted the Houston Police Department and filed an incident report.

Pelayo filed her original petition against 24 Hour Fitness and Jason Smart in Texas state court on April 10, 2019. Pelayo alleged that 24 Hour Fitness was liable based on negligence, gross negligence,

---

[1] The factual allegations are taken from Pelayo's Proposed Complaint. (D.E. 16-2)

premises liability, negligent undertaking, invasion of privacy, and violations of the Deceptive Trade Practices Act (DTPA). She claimed that Smart was liable for negligence, gross negligence, and civil conspiracy.

On April 11, 2018, Pelayo held a press conference to inform the public of the lawsuit filed one day earlier. Members of the media were invited to ask questions and several news outlets reported the story.

24 Hour Fitness removed the case to federal court based on diversity jurisdiction, asserting that Smart was an improperly joined defendant. During a pretrial hearing on July 25, 2019, Pelayo's counsel agreed with the court that Smart was improperly joined and agreed to omit him as a co-defendant in later pleadings.

In May 2019, Pelayo filed a motion to dismiss after Houston police informed her that they had identified a possible suspect. Pelayo asked the court to dismiss her claim without prejudice as she would likely add the suspect to her lawsuit once police identified him. 24 Hour Fitness objected to the dismissal motion. The company argued that dismissal would deprive it of the opportunity to clear its reputation following the negative news coverage from Pelayo's press conference. The court denied Pelayo's motion to dismiss her claims.

24 Hour Fitness filed its motion to dismiss Pelayo's suit in July 2019. The company asserts that Pelayo's pleadings fail to state a claim upon which relief may be granted. Pelayo filed a motion for leave to amend her complaint to add additional facts and non-diverse defendants Oscar Tejada, the suspect, and his employer, Federal Maintenance. At the pretrial hearing on July 25, 2019, the court ordered Pelayo to file a proposed amended complaint. Pelayo filed her proposed amended complaint on August 1, 2019. (D.E. 16-2.)

2. *Consideration of the Motion to Dismiss before the Motion for Leave to Amend*

The parties agree that Jason Smart was improperly joined. The parties also agree that 24 Hour Fitness and Pelayo are completely diverse and that the amount in controversy exceeds $75,000. Thus, at the time of removal this court had subject matter jurisdiction. 28 U.S.C. § 1332(a); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686

(5th Cir. 2000). Pelayo asks the court to consider granting leave to file her amended complaint before it considers 24 Hour Fitness's motion to dismiss, although allowing Pelayo to join Tejada and Federal Maintenance will destroy diversity. Neither party has cited any authority binding the court to consider either of the motions before the other.

In its September 26, 2019, memorandum and recommendation, the court granted leave to amend first, which destroyed diversity jurisdiction. The court now reconsiders that course of action in light of fairness and judicial economy. Because, as discussed below, 24 Hour Fitness's motion to dismiss is meritorious and because the motion to dismiss was the first-filed motion, the court will consider the motion to dismiss first. This will prevent 24 Hour Fitness from having to refile its motion to dismiss in state court. It also alleviates the state court of the burden to consider arguments that are already properly before the court. Pelayo can then litigate her claims against Tejada and Federal Maintenance in state court. Whether Pelayo's claims against 24 Hour Fitness are dismissed now or by the state court, the result is the same—Pelayo will be in state court with only Tejada and Federal Maintenance as defendants.

### 3. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When a complaint fails to state a claim, the court should generally give the plaintiff a chance to amend under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile."). The court therefore considers Pelayo's proposed amended complaint in the following analysis.

### 4. Analysis

Pelayo's original complaint alleged several claims against 24 Hour Fitness: negligence, gross negligence, premises liability, negligent undertaking, invasion of privacy, and violations of the Deceptive Trade Practices Act. Pelayo's proposed amended complaint alleges all of her original claims except invasion of privacy. Because the court has jurisdiction based on diversity, the court applies the law of the forum state—Texas. *In re Heritage Consol., LLC*, 765 F.3d 507, 511 (5th Cir. 2014).

### A. Negligence

To establish negligence under Texas law, a plaintiff must establish the defendant's legal duty, a breach of that duty, and the damages proximately caused by the defendant's breach. *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 830 (5th Cir. 2000). The existence of a duty is the threshold question of law for the court to decide based on several factors, "including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 198 (5th Cir. 2014).

### i.   *No General Duty to Prevent Mental Anguish*

Pelayo's injuries involve only mental anguish. She does not allege any physical injury. "Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish." *Dekelaita v. BP Amoco Chemical Co.*, No. G-07-0131, 2008 WL 2964376, at *8 (S.D. Tex. July 30, 2008) (citing *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997)).

The law has carved out exceptions and allows for recovery in cases involving special relationships between the parties, such as the physician-patient relationship, and in other cases involving shocking and disturbing circumstances where mental anguish is foreseeable. *Likes*, 962 S.W.2d at 495–96 (describing exceptions for delivering news of a family emergency or preparing a corpse for burial).

Pelayo has not alleged a special relationship with 24 Hour Fitness. She has not alleged facts demonstrating a shocking or disturbing occurrence that would qualify under *Likes*. Because Pelayo did not allege any physical injury, 24 Hour Fitness had no duty to prevent Pelayo's mental anguish. For this reason alone, all of Pelayo's claims based on negligence must be dismissed.

### ii.   *Premises Liability*

Pelayo appears to argue that the parties' relationship as landowner-invitee qualifies as a special relationship for which she can recover damages for negligently inflicted emotional distress. This is incorrect. "While there may be certain relationships that give rise to a duty which, if breached, would support an emotional distress award even absent proof of physical injury, the landowner-invitee relationship is not one." *Motor Exp., Inc. v. Rodriguez*, 925 S.W.2d 638, 639 (Tex. 1996). "Texas law requires criminally inflicted physical injury or property loss before a claimant can seek mental anguish damages in a negligence claim against a business owner based upon third-party criminal conduct." *Wyatt v. Kroger Co.*, 891 S.W.2d 749, 753 (Tex. App.—Fort Worth 1994, writ denied).

Assuming for the sake of argument Pelayo is right, she has still not pleaded sufficient facts to succeed. In cases where the plaintiff's injuries are caused by a third-party's criminal acts, the premises

owner's duty extends only to protect against third-party criminal conduct the owner knows or has reason to know presents a foreseeable, unreasonable risk of harm to the invitee. *Smit v. SXSW Holdings, Inc.*, 903 F.3d 522, 530 (2018).

The Texas Supreme Court has identified factors that courts must consider in determining foreseeability:

- whether any criminal conduct previously occurred on or near the property;
- how recently the criminal conduct occurred;
- how often it occurred;
- how similar the prior conduct was to the criminal conduct in question; and
- what publicity was given to prior criminal conduct to ensure that the landowner knew or should have known about it.

*Id.* at 531 (citing *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 757 (Tex. 1998)). The Fifth Circuit requires the plaintiff to plead facts pertaining to these foreseeability factors to survive a motion to dismiss. *Smit*, 903 F.3d at 526. Pelayo has failed to do so.

Pelayo's proposed complaint alleges that:

- "men were obtaining unauthorized recordings in the gym";
- 24 Hour Fitness received two complaints that "men attempted to enter/peer into the women's locker room"; and
- 24 Hour Fitness could have inferred that men may also attempt to record women inside the locker room.

Pelayo has not sufficiently pleaded facts required under the *Timberwalk* foreseeability analysis. She failed to allege when these incidents occurred, where they occurred or how often. She fails to offer any other factual data from which the court can determine foreseeability.

### iii.   *Duty Based on Negligent Undertaking*

Pelayo also argues that 24 Hour Fitness can be held liable for negligent infliction of emotional distress based on a negligent undertaking theory. Pelayo cites no cases and offers no persuasive argument to suggest that negligent undertaking should fall into the exceptions the Texas Supreme Court has identified with respect to its

6

general prohibition for recovery on mental anguish. Texas law is clear. "[A] plaintiff may only succeed on its negligent undertaking claim in situations where bodily injury or physical injury to property belonging to the party is involved." *Bruce Foods Corp. v. Texas Gas Service*, No. EP-13-CV-231-KC, 2014 WL 652312, at *7 (W.D. Tex. Feb. 19, 2014) (citing *Fernea v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 03-09-00566-CV, 2011 WL 2769838, at *7 n.4 (Tex. App.—Austin July 12, 2011, appeal abated)).

### B. Gross Negligence

"A plaintiff who cannot support a cause of action for negligence cannot recover for gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence." *Dekelaita*, 2008 WL 2964376 at *15.

Because Pelayo has not sufficiently pleaded facts to support a cause of action for negligence, the court recommends that her gross negligence claim be dismissed.

### C. Deceptive Trade Practices Act Violations

To establish a cause of action under the Texas DTPA, Pelayo must show that 1) she is a consumer under the statute; 2) 24 Hour Fitness committed a false, misleading, or deceptive act, breached an express or implied warranty, or engaged in an unconscionable act; and 3) that these acts caused Pelayo's damages. *Brittan Communs. Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 907 (5th Cir. 2002). The heightened pleading standard of Rule 9(b) applies. Plaintiffs with DTPA claims must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F. Supp. 2d 831, 836 (S.D. Tex. 2011) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206–07 (5th Cir. 2009)).

To be actionable, misrepresentations must involve material fact and not "puffing" or opinion. *Prudential Ins. Co. of Am. v. Jefferson Ass'n, Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995) (determining statements that a building was "superb," "super fine," and "one of the finest little

properties in the [city]" constituted opinions rather than factual misrepresentations).

Pelayo alleges that 24 Hour Fitness falsely advertised and misrepresented the safety of its facility because an employee enticed her to purchase a membership by pointing out:

- surveillance cameras in the gym;
- fingerprint scanner access to the facility; and
- security in the parking garage of the gym.

The complaint does not allege where, when, or by whom the alleged misreprentations were made. Even aside from the requirements under 9(b), she does not specify why the statements were untrue. She merely concludes that 24 Hour Fitness represented that these security measures provided a safe facility and knew that the representations were false.

Under Texas law, the defendant's act or omission must have been a producing cause, or, "a substantial factor in bringing about injury which would not otherwise have occurred." *Forristall v. McCaulley*, No. H-08-1201, 2009 WL 10695783, at *6 (S.D. Tex. Oct. 8, 2009) (quoting *Prudential Ins. Co.*, 896 S.W.2d at 161). Furnishing a condition that made injury possible is too remote to establish causation. *Roberts v. Healey*, 991 S.W.2d 873, 878 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Even if she had alleged misrepresentations, Pelayo has not demonstrated that 24 Hour Fitness's acts or omissions caused her injury. 24 Hour Fitness's allegedly defective security cameras were not the producing cause of Pelayo's injury. *See Hopkins v. Green Dot Corp.*, No. 5:16-CV-365-DAE, 2016 WL 4468272, at *7 (W.D. Tex. Aug. 24, 2016) (finding EFT card company was not the producing cause of plaintiff's injury despite allegations that plaintiff would not have purchased cards if they had adequate warnings that criminals may use EFT cards to commit fraud); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (determining that although Club misrepresented that it investigated employees, sexual abuse at the hands of Club employee was the actual cause of children's injuries and Club's misrepresentation was too attenuated to hold it liable); *Johnson v. Corpus Christi Caller-Times Pub. Co.*, No. 13-97-

307-CV, 2000 WL 34414966, at *3 (Tex. App.—Corpus Christi July 13, 2000, no pet.) (not designated for publication) (concluding that newspaper-defendant's failure to inform paperboy to stop delivery while family was on vacation did not affect the likelihood that plaintiffs' home would be burglarized by paperboy).

Because Pelayo has failed to state a claim for relief under the DTPA, the court recommends that this claim be dismissed.

### D. Invasion of Privacy

Pelayo's original complaint includes an invasion of privacy claim against 24 Hour Fitness but does not include any specific facts to support her assertion. Her most recent proposed amendment omits this claim against 24 Hour Fitness. Thus, the court recommends that the claim be dismissed.

### 5. Pelayo's Motion for Leave to Amend

Rule 15(a) requires the court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court has discretion to grant or deny a motion for leave to amend and may consider factors like a movant's bad faith or dilatory motive, undue prejudice to the opposing party, and futility of the amendment. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### A. Claims against 24 Hour Fitness

A plaintiff's motion for leave to amend is futile if the proposed amendment would fail to survive a Rule 12(b)(6) motion. *Marucci Sports*, 751 F.3d at 378. Although Pelayo argues that she satisfied Rule 8's "short and plain statement" requirement under the Federal Rules of Civil Procedure, dismissal is proper when the pleadings lack legal merit. *Body by Cook, Inc., v. State Farm Automobile Ins.*, 869 F.3d 381, 385–86 (5th Cir. 2017).

Pelayo argues that before the court dismisses her claims she should be allowed a chance to amend deficient pleadings. In the interest of justice, the court considered Pelayo's proposed amended complaint in analyzing the merits of her claims against 24 Hour Fitness. The proposed complaint fails to state a claim for relief against 24 Hour Fitness. Thus, the court finds that granting Pelayo's motion

for leave to amend would be futile and recommends that Pelayo's motion be denied.

### B. Claims against Non-diverse Parties

Pelayo's motion seeks to join non-diverse parties and remand the action to state court. Because the court recommends that all claims against 24 Hour Fitness be dismissed, the motion to amend to join Tejada and Federal Maintenance is moot and the court recommends it be denied.

## 6. Conclusion

Because Pelayo has failed to state a claim upon which relief may be granted for all claims against 24 Hour Fitness, the court recommends that 24 Hour Fitness's motion to dismiss be granted and Pelayo's motion for leave to amend be denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on November 21, 2019.

Peter Bray
United States Magistrate Judge